Mr. Hammond, you may proceed. My name is Fletcher Hammond. I'm the CFO of the Appellant's Office, and I represent the defendant, Dr. Ron Germain Smith. Your Honor, the first question in this case is whether the trial judge exercised her discretion when she denied the petitioner's request for counsel on his petition for relief from judgment. And the answer to that question should be rather simple. The judge wrote two sentences on this topic, and those sentences are quote-unquote my briefs, but I'll paraphrase them here. The first sentence said, Section 214.01 is a civil statute, essentially. The second sentence said, as such, there's no statutory right to counsel in Section 214.01. And that was all the judge said on that topic. Now, those two sentences are an accurate description of the text of Section 214.01. However, it is not a full description of the law. In fact, it is well established that the judge does have discretion to appoint counsel on a 214.01 petition. To what extent do we look at the merits of the petition? In this situation, I don't think we look all that closely at the merits of the petition. And that goes to the second question I was about to bring up, and I'll bring it up now, is whether there's prejudice here that warrants reversal. There's two ways to look at this. There's two ways to look at prejudice. You can look at it as, had the judge—and both of these ways, there's case law supporting both of these ways. But I think the relevant case law supports the second way that I dug into it. The first way is, if the judge had reached the same decision while exercising her discretion, would you have affirmed it under the abusive discretion standard? And that, I believe, is the incorrect way to look at this. The correct way to look at this is, had the judge made the opposite decision, would that decision change the potential outcome, or potentially change the outcome of the appeal, or the outcome of the petition? And that's really the question to ask here. The fact that this petition does not make a valid claim and is not meritorious in its current form, which is something that the petitioner himself recognized in his motion to appoint counsel. He told the judge, I need counsel to get this into a proper form. So we don't know, if the judge had granted the motion and had appointed counsel, we don't know what counsel could have done after consulting with the petitioner, after investigating his claims, whether counsel could have changed this into something with some merit. And without knowing that, I think the only answer to the question of prejudice is that this prejudice did offend. And if you look at, this can be seen in the People v. Pierce case at the state site, where the court actually did not reach the question of whether or not the judge abused their discretion, but looked at whether or not it would have made a difference. Whether or not, you know, whether or not had the judge said the opposite, would that have changed the outcome of the case? And in Pierce, the answer was no, because the testimony at issue was damaging to the defendant. So the court found that it was harmless. Same thing on the opposite side in Part T, where counsel was, or the defendant actually had counsel, but wanted counsel outside of the public defender's office. And again, the judge failed to exercise discretion in denying it. And the court looked at, or explicitly did not look at, what would we have done if the judge had said the same thing while exercising his discretion, but instead looked at how would this have affected the case if we did not, if the judge did grant the request. And that's, again, that's the answer. So in Part T, the court found that it was prejudicial. And in this case, it's actually, you know, more prejudicial than Part T, because here we have no counsel at all versus having counsel. And so had the defendant had counsel, the outcome of this case could have been different, and therefore the judge's clear lack of exercise of discretion caused some prejudice. Do you think that a trial judge should look at the merits of a petition in exercising his or her discretion in appointing an attorney? I think trial judges could, yes. So if this petition is completely non-meritorious, why is it not, as the state argues, harmless error to not – I realize your argument that the judge didn't exercise her discretion, and that is an abuse of discretion. But if the judge could look at the petition and say this is nonsense, I'm not going to waste an attorney's time with it, why would it not be harmless error? Well, because it has to happen. The judge has to look at the petition and say that before you can review the judge doing that. This is kind of a situation where if you look at the petition and say it is for less than that and the judge should have said that and then you affirm based on that, what you're doing is you're inventing a ruling for the judge, inventing reasoning for the judge, and then reviewing your own ruling and your own reasoning under a deferential standard of review. You're essentially doing the judge's job for her. And then saying we were right. Exactly, exactly. And so this is actually inherent in the abuse of discretion review. The whole idea of abuse of discretion review is when there's a discretionary decision, there's really not supposed to be a right or wrong answer. It's up to the judge and it's their job to use their discretion to decide that question. And your job is not really to decide that question again. Your job is to just review, make sure the judge followed the law, make sure the judge didn't act arbitrarily. But it's not to answer that question. So if you were to look at this petition and say this is frivolous, even though the judge abused her discretion and it is harmless, you're not really reviewing what the judge did. You're doing the judge's job for her. And the more appropriate thing to do is to remand the cause, have the judge do her job, and then review it. What remedy are you asking for specifically? I'm asking for the court to reverse the order dismissing the petition and remand for further proceedings in which basically the judge would decide whether or not to appoint counsel and then rule on the petition. Or rule on the state's motion to dismiss, so it would be ruling on the state's motion to dismiss after deciding whether or not to appoint counsel. And unless Your Honors have any further questions, I would ask for that relief. Thank you. Thank you. You'll have an opportunity to make rebuttal. Mr. London, you may proceed. Good morning, Your Honors. May it please the Court, Richard London on behalf of the people of the State of Illinois. Your Honors, there's nothing in the record to support the claim that the trial judge had an erroneous belief that she lacked discretion. She made a simple statement without embellishment, for or against, that the statute does not require appointment of counsel. Unlike the cases cited by the defendant, Queen and Partee. In both of those cases, there was clear references above and beyond. In those cases, clearly the trial court said, I do not have discretion. I cannot appoint. In this case, none of that was said. When the judge sends back a note and says, I can't have the testimony, that's what she's telling the jury. She or he, in that case, telling the jury. That's no more clear than what was here. You don't know what happened in chambers prior to the note being written to send back to the jury. Right. Maybe the judge was just simply trying to say, don't ask me for the next guy and the next guy. It could be. I can't get it for you. So why is that clear, is my point. Because in that case, it's a left-open interpretation. If you say, I cannot. If this judge said, I can't, that's different than making a correct statement. She said, there's no statutory basis for appointment of counsel. You would presume the judge knows the law. And absent anything else, we don't have that same, I cannot, or in the Part T case, multiple references. Right. But that's my point. The cannot here is simply in a note to the jury. It's not the judge's findings. So I'm suggesting why is it different. Yeah. Why is it different? The language used. I mean, the court in Queen found that language used specifically. Would it be clear if she had said that the statute doesn't provide for an attorney, but I'm going to appoint one anyway? Would that at least imply that there's some other basis upon which to grant? Of course. Or if she said the opposite and said the statute, there's no statutory basis for appointment of counsel. However, I determine that even though I have discretion. Then why don't we remand it and she can say or clarify the record and indicate that, yeah, I said that it's not statutory to be provided for. I failed to mention that I was aware that there is case law that allows it, but I, despite the fact that I didn't say that, I knew it and I decided to exercise my discretion. And do we leave it there and should she say and I reaffirm it or should it be I reconsider and I grant it? Wouldn't that kind of solve the ambiguity? At least having her admit or state on the record that she was aware that she had the authority? We do not agree that it was ambiguous based on not only the language, but the fact as Justice Burke was at least potentially suggesting. That wasn't all she said. She went on and went through the analysis of why this was not a valid 1401 petition. There was no possibility and we disagree with the defense regarding. Well, if she had appointed an attorney, you think maybe the attorney might have been able to reconstitute the 21401? No. No. And first of all. I want your clairvoyant crystal ball that you can look into the future and say with certainty that there's nothing there. And, you know, I'm somewhat playing devil's advocate with you, But how do we sit here today and say then at that point there was no way an arguable 1401 could be drafted? Well, can we ever have an absolute? No. All right. But the point is we don't appoint counsel or remand or even a reconsideration of whether or not counsel should be appointed. No, not reconsideration. Exercise of discretion. There's a difference there. Yes. No, I get it. I'm sorry. I do understand. For her to emphasize whether or not she did or did not exercise her discretion. Not emphasize. Iterate. Okay. But the point here is we also don't appoint counsel for fishing expeditions. If there was even some factual basis, we have nothing here. How can I predict? I can predict because it was filed 11 years after. Well, if the Supreme Court can do it, why can't we do it? The Supreme Court in Tedder said we refrain from rendering a judgment on the unamended petitions. So why wouldn't we do the same thing? We refrain from entering judgment on the merit of this petition until a lawyer gets a look at it, if in fact a lawyer is appointed. I'm not familiar with the specific facts of the case. Here, though, there is no basis. We have it well beyond. It's 11 years beyond. It's not an appropriate remedy because the only issue raised was a constitutional claim, which is not cognizable in a 214-01. There were no new facts suggested. Let me retract that for one second. The only possible new fact was some vague claim that he was not advised of the EDA, which the record clearly refuted. The statute has never been held to be unconstitutional. And that exact claim here was previously presented at the trial level. Trial counsel at trial had filed a motion to declare the statute unconstitutional. Prior to trial, but subsequent to the filing of that motion, the Illinois Supreme Court came out and said it's constitutional. So all of the requirements of a 214-01 petition, none of them have been met. I mean, can we say that with further investigation, maybe counsel will discover that the defendant was in a coma for nine and a half years, woke up, and then that would excuse his lack of diligence? Would we suggest that there is a possible claim unrelated totally to what he raised in the petition? That's what I'm suggesting. Sometimes we have, and in the Cain case, which Justice McLaren and Burke were on, the court remanded because they said, even though we don't really think that there's necessarily merit, there is a possibility. So we're going to remand that case because there's some possible prejudice. Here, there's nothing. So can you have harmless error? We don't think it was error, but even if it was error, can you have harmless error in a case where there's absolutely nothing to support a 214-01 petition? Our response is definitely yes. Can you remand? There's been a, it's a common question that this court has asked of late the last couple of years, like what's the harm? Can you? Of course you can. And this court has the power to do so. But there's certainly an interest in finality. There's certainly an interest in not wasting resources. Does it outweigh a defendant's right in a case that has possible merit? Of course not. Does it have, should it be considered in a case that there is no merit? And can, we also have the fact that, of course, this court can't affirm on any basis. And we also have the general law that an attorney certainly is not required to go and raise new claims. All he's supposed to do is perfect the claim or claims that have been made. In this case, there's no possibility to fix or perfect that claim. Can we comb the record and possibly find something? You know, yes, anything's within the realm of possibility. I think the law is that the attorney's supposed to confer with the client and amend it according to the consultation. You implied that the attorney is not under a duty to add things. Correct. Sua sponte, that's probably correct. But that's not as narrow an interpretation of the law. If new claims are raised by the client during the consultation, then unless those claims are deemed unfounded by the lawyer, he should file an amended petition. And I wasn't suggesting that it is limited to only a sua sponte review. What I was suggesting is there has to be something in the petition, even though it is poorly drafted. That's obviously the concern with pro se pleadings. We understand that you might need an attorney to flesh it out. Flesh it out if there's something there. And again, the Cain case was an example where this court said, we don't know, we don't think there's a meritorious claim, but there's at least something there that needs to be fleshed out. Here, there's nothing. Because not only is the claim not meritorious, not only is it not cognizable in 214.01, but again, there's not even a suggestion to demonstrate why there was a lack of diligence here. So you have had a strike against you for each and every aspect of what you need for a 214.01 petition. So could we appoint counsel every single time that a claim isn't meritorious? Sure. And they could look. But that's not what this court should do, and it's certainly not what the people would, you know, suggest. Well, it's an issue of delineating duties. You know, I mean, I ask counsel the questions about the merits of the petition, and I think he rightfully said that a trial judge can look at the merits and say, am I going to waste an attorney's time with this? But the issue is us doing that. I mean, we kind of joked and said, so we do it, then we say what the trial court should have said, and then we affirm ourselves. I mean, it's obviously this court can't affirm on any greater reason. Right. But the issue here is an abuse of discretion. We're not exercising one's discretion. If, in fact, we do not agree with your initial argument, and that is that the order exhibits the fact that the trial judge did not exercise her discretion, then, I mean, we have the – I mean, you agree with the holdings of Queen and Partee, do you not? Yes. So, I mean, aren't we left with Queen and Partee, and we just have to let the judge exercise her discretion? I don't believe so, because, again, Queen and Partee was much clearer, number one. And number two, the people aren't asking this court to make findings that the trial judge didn't make. If we were to say that's all the trial judge said, and then she denied the people's motion, that would be one thing. The judge made specific findings relating to why the petition wasn't valid and why it would be frivolous and a waste of time. She didn't combine the two, and would I prefer that she do so? Of course. It would have been much clearer. We wouldn't be here if she said, you know, there's no statutory basis. However, due to the fact that this 214-01 petition is meritless, it's obviously – it's not the – it's PC, you know, frivolous and patently without merit, but the equivalent, and then laid out all the reasons that she did, and then said, accordingly, I'm not going to appoint counsel, yes, that would be cleaner. But we're not asking this court to make its own findings and affirm itself. We're asking the court to affirm the findings that the judge made, even if there's some ambiguity regarding the language. For these reasons, we would ask that this court affirm the decision of the lower court. Thank you. Thank you. Mr. Hamill, you may proceed. Thank you, guys. A couple of points, please, on what was said. Going to the substantive question around the judge's exercise of discretion, the point that Justice Jorgensen brought up is actually illustrated in the cases where, if you look at Pierce and Queen together, Pierce, the language that the judge used in the note to the jury was, I cannot instruct you further, and the language in Queen that the judge used was, I cannot send back the testimony. But in Queen, the court found a lack of exercise of discretion. In Pierce, the court did make a finding but suggested strongly that the judge probably did exercise discretion. And the difference between those two cases was that, in Pierce, there was more because there was a conference with counsel, and counsel actually suggested the language in Pierce, and the judge agreed to it. So, you see, there's other ways beyond the language to find an exercise of discretion, and here, there's none. The judge listed her reasons, and I'm using my discretion as just not on that list, and you can't put it on when it wasn't there to begin with. Beyond that, unless you have any further questions, I would ask that you amend the clause for further proceedings on the petition. Thank you. We have one more case on the call, scheduled for 1 o'clock. We'll be in recess until then.